COREY D. BODDIE, SBN 289185
ATTORNEY AT LAW
BODDIE & ASSOCIATES, P.C.
10940 WILSHIRE BLVD, SUITE 1600
LOS ANGELES, CA 90024
TEL.: (310) 873-3722
FAX.: (323) 999-5143
COREY@BODDIEASSOC.COM

ATTORNEY FOR THE PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON NEWMAN, an individual, TYRONE COSEY, an individual and D'ARTANIAN STOVALL an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>DISTROKID LLC, SPOTIFY USA INC., APPLE INC., AMAZON.COM INC., ASPIRO AB D/B/A TIDAL, PANDORA MEDIA, LLC, GOOGLE LLC, SOUNDHOUND, INC. AND DOES 1-25 INCLUSIVE.<br><br>Defendants | Case No.: 2:20-CV-10745<br><br>COMPLAINT FOR DAMAGES<br><br>1. COPYRIGHT INFRINGEMENT (17 U.S.C. Section 106, 501 and 504);<br>2. DECLARATION OF COPYRIGHT NON-OWNERSHIP<br><br><br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

Plaintiffs, ELTON NEWMAN, TYRONE COSEY and D'ARTANIAN STOVALL hereby allege the following:

**JURISDICTION AND VENUE**

1.   This action arises under the Copyright Act of the United States, 17 U.S.C. § 101, <u>et seq</u>. Pursuant to 28 U.S.C. § 1338 this court has jurisdiction.

2.   Personal jurisdiction of this Court over all Defendants is proper as Defendants regularly conduct business within this judicial district. In addition, one or more acts of the injuries sustained took place in this district.

3.   Venue of this action is proper in this judicial district pursuant to 28 U.S.C. §1391(c) because one or more of the claims arose in this district. All Defendants regularly conduct business within this district. Furthermore, a substantial part of the events giving rise to Plaintiffs' claims arose in this district.

**PARTIES**

4.   At all times hereinafter mentioned, Plaintiff, ELTON NEWMAN (hereinafter "NEWMAN" or "PLAINTIFF NEWMAN"), is a resident of the State of Louisiana and engaged in conducting business in California and in this judicial district.

5.   At all times hereinafter mentioned, Plaintiff, TYRONE COSEY (hereinafter "COSEY" or "PLAINTIFF COSEY"), is a resident of the State of Louisiana and engaged in conducting business in California and in this judicial district.

6.   At all times hereinafter mentioned, Plaintiff, D'ARTANIAN STOVALL (hereinafter "STOVALL" or "PLAINTIFF STOVALL"), is a resident of the State of Louisiana and engaged in conducting business in California and in this judicial district.

7.   Defendant, DISTROKID LLC (hereinafter "DISTROKID" or "DEFENDANT DISTROKID") is a limited liability company, incorporated in the state of Delaware. On information and belief, DISTROKID is either doing business in or is engaged in conducting

business in this judicial district, venue is proper in this Court.

8.    Defendant, SPOTIFY USA INC. (hereinafter "SPOTIFY" or "DEFENDANT SPOTIFY") is a corporation, incorporated in the state of Delaware. On information and belief, SPOTIFY is either doing business in or is engaged in conducting business in this judicial district, venue is proper in this Court.

9.    Defendant, APPLE INC. (hereinafter "APPLE" or "DEFENDANT APPLE") is a corporation, incorporated in the state of California. On information and belief, APPLE is either doing business in or is engaged in conducting business in this judicial district, venue is proper in this Court.

10.   Defendant, AMAZON INC. (hereinafter "AMAZON" or "DEFENDANT AMAZON") is a corporation, incorporated in the state of Delaware. On information and belief, AMAZON is either doing business in or is engaged in conducting business in this judicial district, venue is proper in this Court.

11.   Defendant, ASPIRO AB D/B/A TIDAL (hereinafter "TIDAL" or "DEFENDANT TIDAL") is a corporation, incorporated in the state of Delaware. On information and belief, TIDAL is either doing business in or is engaged in conducting business in this judicial district, venue is proper in this Court.

12.   Defendant, PANDORA MEDIA, LLC (hereinafter "PANDORA" or "DEFENDANT PANDORA") is a limited liability company, incorporated in the state of Delaware. On information and belief, PANDORA is either doing business in or is engaged in conducting business in this judicial district, venue is proper in this Court.

13.   Defendant, GOOGLE LLC (hereinafter "GOOGLE" or "DEFENDANT GOOGLE") is a limited liability company, incorporated in the state of Delaware. On information and belief,

GOOGLE is either doing business in or is engaged in conducting business in this judicial district, venue is proper in this Court.

14.     Defendant, SOUNDHOUND INC. (hereinafter "SOUNDHOUND" or "DEFENDANT SOUNDHOUND") is a corporation, incorporated in the state of Delaware. On information and belief, SOUNDHOUND is either doing business in or is engaged in conducting business in this judicial district, venue is proper in this Court.

15.     Plaintiffs are informed and believe and, based upon such information and belief, allege that DOES 1 through 10 are, and at all times herein mentioned were, corporations, partnerships, or other business entities, which were and are legally responsible and liable for the acts, omissions, and events referred to in this Complaint.

16.     Plaintiffs are informed and believe and, based upon such information and belief, allege that DOES 10 through 20 are, and at all times herein mentioned were, individuals, who were and are legally responsible and liable for the acts, omissions, and events referred to in this Complaint.

17.     Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sues said Defendants under such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained.

18.     Plaintiffs are informed and believe, based on such information and belief, allege that Defendants, and each of them, are, and at all times herein mentioned were, the alter-egos, agents, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership, or joint-venture. Plaintiffs are further

informed and believe and, based upon such information and belief, alleges that the acts and conduct herein alleged of each such Defendants were known to, authorized by, and/or ratified by the other Defendants, and each of them.

## STATEMENT OF FACTS

19. Plaintiffs NEWMAN, COSEY and STOVALL are the authors of music and lyrics to the original musical composition entitled "Get The Gat", (hereinafter the "Composition" or "Infringed Composition"). Plaintiffs owns the rights and title to the copyright in the Infringed Compositions as authors and composers and has been registered with the United States Copyright Office as Copyright Registration Number SR 865-463. (*See* Exhibit A).

20. In 1992, the Plaintiffs created and released the musical composition "Get The Gat". Plaintiffs are the legal copyright owners of all portions of the Composition.

21. In or about 2016, a person or entity only known as "Legendary DJs" illegally released and distributed the Composition on an album entitled "Old School New Orleans Bounce Vol. 2" without the Plaintiffs' knowledge.

22. It is Plaintiffs' belief that Legendary DJs gave the Composition to DistroKid to distribute to various music platforms including but not limited to all Defendants herein.

23. In January 2020, Plaintiffs discovered the infringement by the Defendants and notified all Defendants to take down the infringed composition from their platform.

24. After continuous infringement since 2016, all Defendants took down the composition starting in January of 2020, but did not send monies made from its illegal use to the Plaintiffs.

25. In October 2020, through counsel, Plaintiffs notified all Defendants and demanded an accounting of all "all monies distributed relating to the song and pay all deprived monies due …based on the unauthorized and illegal use…" of the composition. (See Exhibit B).

26. To date, Plaintiffs have not received an accounting or monies illegally obtained by all Defendants.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

(By Plaintiffs against all Defendants)

27. Plaintiffs repeat, reallege and incorporate herein this reference paragraphs 1 through 26 and above, inclusive, as though, fully set forth herein.

28. The Composition written by Plaintiffs is an original work of authorship and registered with the United States Copyright Office. The infringed composition complies with all statutory and other applicable formalities. Attached hereto are true and correct copies of the U.S. Copyright Registrations as Exhibit A.

29. Defendants, without the permission or consent of Plaintiffs, and without authority infringed upon Plaintiffs' copyright and exclusive rights in the Composition in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §106 and §501.

30. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

31. Defendants' conduct is causing, and unless immediately enjoined, will continue to cause enormous and irreparable harm to Plaintiffs. Defendants' conduct must be stopped and Plaintiffs must be compensated for Defendants' willful acts of infringement.

32. Defendants do not have any authorization, permission or consent to use the infringed composition.

33. As a direct and proximate result of Defendants' infringement of Plaintiffs' copyright and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiffs' election, pursuant to 17 U.S.C. §

504(b), Plaintiff shall be entitled to their actual damages plus Defendants' profits from infringement.

34. Plaintiff further is entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## SECOND CAUSE OF ACTION

## DECLARATION OF COPYRIGHT NON-OWNERSHIP

35. Plaintiff repeats, reallege and incorporate herein this reference paragraphs 1 through 34 and above, inclusive, as though, fully set forth herein.

36. Defendant only known as "Legendary DJs" claim that they own the copyright, through their actions of giving the Composition to DistroKid to distribute. Plaintiff vehemently denies that Legendary DJs wrote, co-wrote, authored, co-authored or owns Composition in any capacity.

37. An actual and substantial controversy therefore exists between Plaintiff and Defendant Legendary DJs over the Composition that was written, co-written and owned by Plaintiff, arising under federal Copyright law, 17 U.S.C. Sections 101 et seq.

38. Plaintiff desires a judicial determination: that no Defendant owns any portion of the copyright rights in or to any of the Composition that were written, co-written and owned by Plaintiff.

WHEREFORE, PLAINTIFF PRAYS JUDGMENT AS FOLLOWS:

ON THE FIRST CAUSE OF ACTION

1. Damages and profits in such amount according to proof.
2. For accounting from Defendants attributable to their infringements of Plaintiff's copyright in the Composition.

7

COMPLAINT FOR DAMAGES

3. Prejudgment interest in an amount according to proof;

4. For a preliminary and permanent injunction prohibiting Defendant in continuing to infringe Plaintiffs' copyright in the infringed composition;

5. For Plaintiff's attorneys' fees, costs, and disbursements in this action; and,

6. Such other relief as the court may deem proper.

ON THE SECOND CAUSE OF ACTION

1. For entry of a judgment declaring the following:

(a) that none of the Defendants is a writer, co-writer, author, co-author, joint owner or owner of any of the Composition that were written, co-written and owned by Plaintiff;

(b) that none of the Defendants have any legal or equitable interest or ownership whatsoever in any of the Composition that were written, co-written and owned by Plaintiff, or the copyright therein; and

(c) that Defendants are not entitled to any credit in connection with any of the Composition that were written, co-written and owned by Plaintiffs.

2. For reasonable attorneys' fees in an amount to be proved at trial, in accordance with 17 U.S.C. Section 505;

BODDIE & ASSOCIATES, P.C.

Date: November 22, 2020          /s/ Corey D. Boddie

COREY D. BODDIE
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all causes of action mentioned herein.

Dated: November 22, 2020

                                                Corey D. Boddie
                                                BODDIE & ASSOCIATES P.C.

By:     /s/*Corey D. Boddie*
           COREY D. BODDIE, Attorney for Plaintiffs

# VERIFICATION

**The undersigned for themselves declare:**

We are the Plaintiffs in the above-entitled action. We have read the foregoing complaint and know the contents thereof. With respect to the causes of action alleged, the same is true by our own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, we believe them to be true.

We declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Date: 11/22/2020

_____
ELTON NEWMAN

Date: 11-22-2020

_____
TYRONE COSEY

Date: 11/22/2020

_____
D'ARTANIAN STOVALL